IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TIFFANY STAGNER, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:21-CV-876-O |
| § | (NO. 4:20-CR-028-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the motion of Tiffany Stagner, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response,[1] the record, including the record in the underlying criminal case, No. 4:20-CR-028-O, and applicable authorities, finds that the motion must be dismissed as untimely.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On February 4, 2020, movant was named in a one-count information charging her with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[2] 78. Movant and her attorney signed a waiver of indictment, CR Doc. 80, a factual resume, CR Doc. 81, and a plea

---

[1] The response is presented as a motion to dismiss the § 2255 motion as untimely. Movant failed to file a response.
[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-028-O.

1

agreement with waiver of appeal.³ CR Doc. 82. Movant entered a plead of guilty. CR Doc. 85. On June 2, 2020, she was sentenced to a term of imprisonment of 120 months. CR Doc. 104. She did not appeal, having waived the right to do so.

## II.   GROUND OF THE MOTION

Movant asserts one ground in support of her motion, claiming that she received ineffective assistance of counsel. Doc.⁴ 1 at 7.

## III.   TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, movant's conviction and sentence became final on June 16, 2020. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); Fed. R. App. P. 4(b)(1)(A). Her § 2255 motion was

---

³ An amended plea agreement was signed on February 10, 2020, CR Doc. 87, to add a signature by movant that had apparently been overlooked earlier. The terms of the two versions are the same.
⁴ The "Doc. __" reference is to the number of the item on the docket in this civil action.

not received for filing until July 20, 2021, Doc. 1 at 1, more than a month after the deadline for doing so. In response to the Court's order requiring her to show cause why her motion should not be dismissed as untimely, Doc. 3, movant admitted that she did not deliver her motion to prison authorities for mailing until July 2, 2021, after the deadline had passed. Doc. 4 at 1. *See* Doc. 1 at 10. As an excuse for the untimeliness of the motion, she says that she told her attorney to file a notice of appeal and believed he had done so.[5] Doc. 4 at 2. She appears to believe that the notice of right to appeal that she and counsel signed at the sentencing hearing was the notice of appeal. *Id.* She claims to have been misled by the docket entry for the notice of filing of the transcript of the sentencing proceedings, CR Doc. 106, although had she seen that docket entry she would have also seen that no notice of appeal had been filed. (The judgment was docket entry 104 and the sealed statement of reasons was docket entry 105.) She admits that other inmates cautioned her that there could be many reasons why she had not heard from the court of appeals and that she must be sure to "put in a 2255." Doc. 4 at 2.

    The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that she was pursuing her rights diligently and that some extraordinary circumstance stood in her way and prevented the timely filing of her motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008);

---

[5] This is not a ground of movant's motion, but even if it had been, the motion is untimely.

*Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In this case, movant has not shown that she is entitled to equitable tolling.

Inasmuch as movant failed to respond to the government's motion to dismiss, the Court can only conclude that she concedes her motion was not timely filed.

## IV.  CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 7th day of February, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

4